Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: (323) 988-2400
Fax: (866) 861-1390
ERICA JONES

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| ERICA JONES, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| CITIBANK, N.A., | |
| Defendant. | |

ERICA JONES (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CITIBANK, N.A. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Counts I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Citrus Heights, Sacramento County, California.

7. Defendant is a business entity with a principal place of business in New York, New York.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around 2014, Defendant began constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed on a Best Buy credit account.

10. Plaintiff's alleged debt arose through a consumer credit transaction.

11. Defendant places collection calls from telephone numbers, including, but not limited to, 877-561-2272 and 888-620-5879.

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number 916-968-20XX.

13. Base upon the timing and frequency of Defendant's calls and per its prior business practices, each of Defendant's calls were placed using an automatic telephone dialing

system.

14. In or around 2014, Defendant began placing multiple daily collection calls to Plaintiff.

15. On or around December 26, 2014, Plaintiff spoke to Defendant's representative, informed Defendant's representative that she was currently unable to repay the alleged debt, and requested that Defendant cease calling her cellular phone.

16. On or around January 13, 2015, Plaintiff again spoke to Defendant's representative, again informed Defendant's representative that she was presently unable to pay the alleged debt, and requested that Defendant cease calling her cellular telephone.

17. Plaintiff revoked any consent, express, implied or otherwise, to receive automated collection calls from Defendant in the course of the telephone conversation on or around January 24, 2015.

18. On or around April 24, 2015 at approximately 11:10 a.m., Plaintiff again spoke to Defendant's representative, "Irene," again informed Defendant's representative that she was presently unable to pay the alleged debt, and requested that Defendant cease calling her cellular telephone. In response, Defendant's representative stated that the calls would cease for only three days, and would then continue.

19. Plaintiff revoked any consent, express, implied or otherwise, to receive automated collection calls from Defendant in the course of the telephone conversation on or around April 24, 2015.

20. Despite Plaintiff's repeated requests to cease, Defendant continued to place multiple collection calls to Plaintiff on a daily basis.

21. Defendant placed at least two hundred and eighty-two (282) collection calls to Plaintiff over an approximate five-month period.

# COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

22. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

23. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, ERICA JONES, respectfully requests judgment be entered against Defendant, CITIBANK, N.A. for the following:

24. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

25. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

26. All court costs, witness fees and other fees incurred; and

27. Any other relief that this Honorable Court deems appropriate.

# COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant violated the RFDCPA based on the following:

    a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq*., to wit:

   1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;
   2. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, ERICA JONES, respectfully requests judgment be entered against Defendant, CITIBANK, N.A. for the following:

30. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: July 2, 2015

KROHN & MOSS, LTD.

By:/s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff

1  **<u>DEMAND FOR JURY TRIAL</u>**

2  PLEASE TAKE NOTICE that Plaintiff, ERICA JONES, demands a jury trial in this

3  case.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25